Exhibit 4



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

October 27, 2020

Via e-mail: Integrity-WG@cigie.gov

The Honorable Kevin H. Winters
Chairperson
Integrity Committee
Council of the Inspectors General on Integrity & Efficiency
1717 H Street NW, Suite 825
Washington, DC  20006

>  Re: Integrity Committee's October 19, 2020 letters concerning contacts with CIGIE Chair and Treasury Inspector General staff

Dear Chairperson Winters:

Pursuant to my obligations under *Integrity Committee Policies and Procedures* (ICPP), § 5.B, I am referring allegations of retaliation and bias to the Integrity Committee.

As described below, I am a whistleblower who made protected disclosures to Congress and the Integrity Committee (IC) about allegations of serious misconduct by Department of Homeland Security (DHS) Office of Inspector General (OIG) senior executives. To date, your actions related to my protected disclosures have the appearance of or are in fact retaliation and bias against me, DHS OIG Counsel, and DHS OIG. Therefore, pursuant to ICPP, § 3.K.v, you must be recused from matters involving me, DHS OIG Counsel, and DHS OIG writ large.

**Background**

My first day as Inspector General (IG) of DHS was July 29, 2019. Over the next few months, I personally observed or received credible reports of gross mismanagement, financial irregularities, prohibited personnel practices, insubordination, incivility, abuse of authority, lack of candor, and other forms of misconduct on the part of DHS OIG senior executives. After conferring with several members of the Inspector General community, I referred to the IC multiple, credible allegations of serious misconduct on the part of those DHS OIG senior executives. At least two other DHS OIG employees independently filed complaints with the IC alleging serious misconduct on the part of DHS OIG senior executives. The



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

IC advised me that it would take no action on my referrals and returned them back to me for whatever action I deemed appropriate. I later learned that the IC also intended to take no action on the other complaints. Additionally, IC Senior Assistant General Counsel cautioned my acting Chief of Staff that I should make no more referrals to the IC. This was inexplicable, given the ICPP.

I nevertheless determined that investigating the allegations against DHS OIG senior executives was in the public interest. I knew that given the nature of the allegations and the high level of the employees involved, "an internal investigation of the matter[s] might not be objective in fact or appearance." ICPP, § 5.A.ii.b.[1] I attempted to engage another Inspector General to investigate the matters but was unsuccessful. After conferring with members of the IG community, I concluded that the appropriate course was to retain an independent investigator under competitive contracting procedures, a common practice in the federal government.

The IC then launched an inquiry into whether my decision to engage the services of a contractor to conduct such an independent administrative investigation was "retaliatory." However, the IC's exercise of authority in this matter was precluded by the procedures outlined in the Civil Service Reform Act of 1978, 5 U.S.C. §§ 1201 – 1221, 2302, 7701, which provide the exclusive remedy for an allegedly retaliatory investigation. *See United States v. Fausto*, 484 U.S. 439 (1988).[2]

Moreover, the IC asserted in a July 20, 2020 letter to James Read, DHS OIG Counsel to the Inspector General, that he was prohibited from providing representation relative to the IC's inquiry because the IC was inquiring into my actions in my "personal capacity." When Mr. Read asked

---

[1] Since mid-August 2019, I have also personally informed members of the Senate Homeland Security and Governmental Affairs (HSGAC) committee and their staff of these allegations about DHS OIG senior executives' serious misconduct. In December 2019, the Chairmen and Ranking Members of the HSGAC and the House Homeland Security Committee sent me a letter expressing their concerns about senior executives' misconduct and their support for my efforts to take appropriate actions, and asking me to keep them apprised of my progress. I have kept the committees informed of my actions to include my use of an independent contractor, and I shared the same information about the independent contractor with the Council of the Inspectors General on Integrity and Efficiency, DHS OIG appropriators, and the Office of Management and Budget.

[2] An individual may seek relief from the Merit Systems Protection Board when an agency initiates an investigation in retaliation for the individual's whistleblowing. *Russell v. Department of Justice*, 76 M.S.P.R. 317 (1997).



## OFFICE OF INSPECTOR GENERAL
### Department of Homeland Security

IC Senior Assistant General Counsel to identify the basis for the IC's authority, she responded in a telephone call that if he determined that I was acting in my official capacity in authorizing the investigation by the contractor and that it was in DHS OIG's interest to provide representation, the IC might open an investigation into Mr. Read. However, I am aware of no law that gives the IC authority to oversee an Inspector General in his "personal capacity," nor am I aware of a law that gives the IC the power to disqualify a duly-appointed Counsel to an Inspector General from providing advice or representation in a matter.[3]

In this connection, Mr. Read told IC Senior Assistant General Counsel that based on the information available to him it was unreasonable to conclude that the investigation was retaliatory and therefore providing advice and representation to DHS OIG leadership was warranted. IC Senior Assistant General Counsel responded that in this case the starting point was to assume that the allegation of retaliation is true. I consider this an explicit expression of bias against me.

Moreover, when Mr. Read asked IC Senior Assistant General Counsel how I could provide the DHS OIG procurement records requested by the IC if the IC's inquiry was directed at me in my "personal capacity," she responded that DHS OIG should simply give me the records so that I could submit them to the IC. Of course, a federal employee may not disseminate agency records in an effort to resolve a personal dispute. IC Senior Assistant General Counsel appears to have been encouraging Mr. Read to participate in a violation of DHS OIG records policies, federal records laws, and ethics rules prohibiting the use of one's official position for private gain. This is not something an unbiased investigator would do. To be clear, I reject the notion that the IC's inquiry is directed at me in my "personal capacity," but if the IC believes otherwise then its demand that I produce agency records was an abuse of authority.

---

[3] The client of an attorney employed by a federal agency is the agency. *See* D.C. Bar Rules of Professional Conduct § 1.6(k); *Blue Lake Forest Products*, 75 Fed. Cl. 779, 792 (2007). Consistent with Department of Justice guidelines, *see* 28 C.F.R. § 50.15(b), Counsel to the Inspector General and his subordinate attorneys are obligated by the terms of their appointments to provide legal advice and representation to DHS OIG employees *unless*: (i) It does not reasonably appear that the matter involves actions that a DHS OIG employee took in the scope of his or her employment; or (ii) based on the particular circumstances presented, Counsel determines that it is not in the interest of DHS OIG to provide legal advice or representation.



## OFFICE OF INSPECTOR GENERAL
Department of Homeland Security

**Basis for current referral -- October 19, 2020 letters**

In your October 19, 2020 letter to me (attached), you express concern over my recent contact with Michael Horowitz, Chair of the Council of the Inspectors General on Integrity and Efficiency (CIGIE), as well as contact that Mr. Read had with staff of the Treasury Office of Inspector General (TOIG). According to your letter, these contacts related to "an ongoing IC investigation" and were made to obtain information that I believed "would be helpful to a DHS OIG investigation." Your letter states that these contacts could "be perceived as interfering with or otherwise prejudicing the IC's investigation."

As explained below, I contacted the Chair of CIGIE because it is important the Chair know that the IC has had knowledge of, but has not provided information it possesses about, a threat against a sitting Inspector General. Those actions were so unusual that I thought the Chair could provide information about what I hoped was a mistake. However, the IC's inexplicable behavior after I contacted the Chair of CIGIE seeking clarification about this threat and your subsequent letters no longer appear to be mistakes, and are indeed the basis for my referral.

The IC investigation to which your October 19, 2020 letter refers concerns allegations about the conduct of a former DHS OIG detailee. TOIG agents interviewed me on September 17, 2020, and during the course of the interview, they described the allegations they were investigating in detail. At no time during my interview did TOIG agents state they were investigating the threat against me. At the conclusion of the interview, the TOIG agents, before they left, asked me whether I was aware that former DHS OIG senior executive ▓▓▓▓▓▓▓▓▓▓ had voiced a threat against me to at least one other DHS OIG employee. I responded that I was aware that she made derogatory statements about me in the past to subordinate employees but was not aware of an actual threat against me. The TOIG agents declined to provide me with additional details.

To my knowledge, the IC is not investigating the alleged threat by ▓▓▓▓▓▓▓▓. Accordingly, your letter is incorrect in stating that Mr. Read was trying to obtain information about an "an ongoing IC investigation." Likewise, your letter is incorrect to suggest that Mr. Read's contact with TOIG could "be perceived as interfering with or otherwise prejudicing the

4



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

IC's investigation," as Mr. Read was not inquiring about an allegation under investigation by the IC.[4]

Since my interview with the TOIG agents, I have become increasingly concerned because it is not clear whether anyone in proper authority has *fully* assessed the credibility of the threat or taken steps to ensure my safety or the safety of others. I asked Mr. Read to contact TOIG to obtain additional information about the alleged threat that I could provide to the Federal Bureau of Investigation.[5] Contrary to your letter, Mr. Read was not seeking information that could be "helpful to a DHS OIG investigation" because neither DHS OIG nor its independent contractor is investigating █████ alleged threat.

In this connection, on October 9, 2020, the Acting General Counsel of TOIG told Mr. Read that TOIG's investigation was ongoing, and that CIGIE, not TOIG, would determine whether any of TOIG's work product could be shared. Standard law enforcement procedures call for informing the victim of a threat and interviewing the victim to obtain relevant information to assess the threat. The IC has not yet taken these basic steps to provide me with this important information. Without this information, my attempts to seek an informed protective order and to take the steps necessary to ensure my safety and that of others are exceedingly difficult and unnecessarily delayed.

If in fact the IC *is* unilaterally investigating a threat against me, I have not been notified nor am I aware of any steps to ensure my and others' safety. In the more than one month since I learned of █████ alleged threat against me, I have been left to my own devices to determine whether any steps have been taken to fully gather pertinent evidence, bring the matter to the attention of appropriate authorities, and begin the process of obtaining whatever protection may be warranted. As a law enforcement officer, I find it inconceivable and outside the course of proper investigative protocol that the IC would investigate an alleged threat

---

[4] While it appears that TOIG became aware of █████ alleged threat while conducting the investigation of a former DHS OIG detailee, information about any such threat against me, my family, or staff is clearly separate and apart from the underlying investigation.

[5] I am both a principal officer of the United States and a federal law enforcement officer within the meaning of 18 U.S.C. § 115. The FBI has primary jurisdiction to investigate allegations of threats against public officials. *See* 28 C.F.R. § 0.85(a) (the FBI has authority to investigate violations of the laws of the United States "except in cases in which such responsibility is by statute or otherwise exclusively assigned to another investigative agency").

5



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

---

without informing me, the victim, nor why it would criticize me with insinuations of untoward behavior for trying to learn about the underlying threat and to protect myself and others.

### Referral to IC and resulting recusal

The IC's actions to date, as outlined above and as punctuated by your letters to Mr. Read and me, appear to demonstrate bias against us and DHS OIG writ large. The evidence strongly suggests that the IC's actions are in retaliation for my protected whistleblowing to the oversight committees and to the IC.

Therefore, as I am obligated to do, I am referring these facts and your letters to the Integrity Committee. Please confirm that you are recused from all matters involving Mr. Read, myself, or other DHS OIG designated individuals and ensure that the other members of the IC provide objective oversight of matters that involve Mr. Read, myself, and DHS OIG. Additionally, please provide me with the pertinent details of the threat, including but not limited to what was said, to whom, the steps taken to assess the threat, and when those steps were taken.

Sincerely,

JOSEPH V CUFFARI
Digitally signed by JOSEPH V CUFFARI
Date: 2020.10.27 09:21:19 -04'00'

Joseph V. Cuffari, Ph.D.
Inspector General

Attachments:  IC Letter to DHS OIG IG, dated October 19, 2020
              IC Letter to James Read, dated October 19, 2020

cc:   The Honorable Michael Horowitz
      Chair
      Council of the Inspectors General on Integrity and Efficiency

      The Honorable Allison Lerner
      Vice Chair
      Council of the Inspectors General on Integrity and Efficiency

6